UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

STEPHEN T. KISS,

         Plaintiff,

 -against-           3:16-CV-864 (LEK/DEP)

JONATHAN D. COOK,

         Defendant.

## DECISION AND ORDER

**I. INTRODUCTION**

Presently before the Court are two motions by pro se Plaintiff Stephen T. Kiss. First, Kiss moves to strike the affirmative defense of qualified immunity from Defendant Jonathan D. Cook's pleading. Dkt. No. 67 ("Motion"). Second, Kiss appeals, Dkt. No. 83 ("Appeal"), an order issued by U.S. Magistrate Judge David E. Peebles during a July 19, 2017 telephonic conference, id. at 11 ("Conference Order").[1] Judge Peebles issued a text order memorializing the Conference Order on July 26, 2017. Dkt. No. 85 ("Text Order"). Cook filed responses to the Motion, Dkt. No. 68 ("Motion Response"), and the Appeal, Dkt. No. 84 ("Appeal Response"). For the following reasons, Kiss's Motion and Appeal are denied.

**II. BACKGROUND**

 **A. Kiss's Complaint**

Kiss commenced this action on May 23, 2016, by filing a complaint under 42 U.S.C. § 1983. Dkt. No. 2 ("Complaint"). Though originally filed in the Southern District of New York,

---

[1] The page numbers for this document refer to those generated by the Court's electronic filing system ("ECF").

the action was transferred to this Court on July 6, 2016, by order of Chief United States District Judge Colleen McMahon of the Southern District. Dkt. No. 4 ("Transfer Order").

In the Complaint, Kiss alleges that Cook, a New York State trooper, assaulted him during the course of an encounter that led to Kiss's arrest on October 17, 2015. Id. at 10–11. He claims that Cook forced his stomach and lower ribs into the grille of his vehicle, slammed his head onto the vehicle's hood, and otherwise assaulted him, resulting in a concussion, a bruised lower left rib, a bruised left shoulder, and neck pain. Id. Kiss seeks compensatory damages in the amount of $2,500,000. Id. at 5.

**B. Kiss's Challenges to Cook's Answer**

Cook submitted an answer to the Complaint on October 28, 2016. Dkt. No. 16 ("Answer"). In the Answer, Cook raises several defenses, including qualified immunity. Id. at 2.

Kiss has mounted numerous challenges to Cook's claim of qualified immunity, including attempts to "dismiss," "oppose," and "reply" to Cook's Answer. On November 14, 2016, he moved for permission to "file 'report papers' & or a 'Cross Motion' in reference to [his] objections." Dkt. No. 29 ("Reply Motion"). The following day, Kiss submitted a document titled "Plaintiffs [sic] Response to Defendants [sic] Answer to Complaint," Dkt. No. 32 ("Answer Reply"), which, among other things, asserted that Cook "is not protected under the doctrine of qualified immunity," id. at 8.[2] Judge Peebles denied the Reply Motion on November 16 because "a reply to an answer is only permitted 'if the court orders one'" and the Court had neither ordered a reply nor found one to be necessary. Dkt. No. 31 ("November 16 Order") (quoting Fed. R. Civ. P. 7(a)(7)). He further ordered Kiss's Answer Reply struck from the record for the same

---

[2] The page numbers for this document refer to those generated by ECF.

reasons. Id. The same day, Kiss moved to "dismiss" the Answer, which he described as "an insufficient response." Dkt. No. 34 ("November 16 Motion"). Judge Peebles denied the November 16 Motion that day. Dkt. No. 35 ("Second November 16 Order").

On January 18, 2017, Kiss moved for "partial summary judgment in disallowing [Cook] from being allowed to use the doctrine of qualified immunity as an affirmative defense." Dkt. No. 52 ("Partial Summary Judgment Motion") at 1.[3] Kiss explained that his motion was "a 'partial' motion, in that it s[ought] to 'strike', or remove and or disallow a portion from [Cook's] pleadings, from his Answer." Id. On January 20, Judge Peebles struck the Partial Summary Judgment Motion from the record for failure to comply with various provisions of the Federal Rules of Civil Procedure and the local rules of this District. Dkt. No. 56 ("January Order"). On January 20, Kiss moved to appoint a "civilian external investigatory oversight body . . . to establish a neutral standard when determining the factors as the Court rules on the admittance of the doctrine of qualified immunity as an affirmative defense." Dkt. No. 58 ("January 20 Motion"). Judge Peebles denied this request on February 1 because the "requested relief is not authorized." Dkt. No. 61 ("February Order"). Finally, on June 23, 2017, Kiss moved to strike the qualified immunity defense from the Answer. Mot.

**C. Discovery Motions**

On July 11, 2017, Kiss submitted two letter motions to Judge Peebles seeking to compel discovery from Cook. Dkt. Nos. 73 ("Records Request"), 74 ("Interrogatory Request"). The first letter motion sought to compel production of documents relating "to any psychological or mental health counseling or treatment that [Cook] has ever had . . . that relates in any way to the

---

[3] The page numbers for this document refer to those generated by ECF.

allegations made in [this action]," as well as copies of Cook's "last three (3) Federal Tax returns." Records Request at 1. The second letter motion sought to compel "a copy of [Cook's] arrest record," and specifically requested "the total amount of DWI arrests & the total amount of 'warrant' arrests." Interrog. Request at 2.[4] Judge Peebles held a telephonic conference to address Kiss's motions on July 19. Conference Order. He denied both motions. Id.; accord Text Order. Kiss now appeals Judge Peebles's order to the extent it denied the Interrogatory Request. Appeal.

## III. LEGAL STANDARD

In reviewing a magistrate judge's orders concerning nondispositive matters, "[t]he 'district judge in the case must consider timely objections and modify or set aside any part of the [magistrate judge's] order that is clearly erroneous or contrary to law.'" Arista Records, LLC v. Doe 3, 604 F.3d 110, 116 (2d Cir. 2010) (quoting Fed. R. Civ. P. 72(a)). An order is "'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948); accord Easley v. Cromartie, 532 U.S. 234, 242 (2001) (quoting U.S. Gypsum Co., 333 U.S. at 395). An order is contrary to law if "it fails to apply or misapplies relevant statutes, case law or rules of procedure." Tompkins v. R.J. Reynolds Tobacco Co., 92 F. Supp. 2d 70, 74 (N.D.N.Y. 2000) (quoting Thompson v. Keane, No. 95-CV-2442, 1996 WL 229887, at *1 (S.D.N.Y. May 6, 1996)); accord New York v. Salazar, No. 08-CV-644, 2011 WL 1938232, at *4 (N.D.N.Y. Mar. 8, 2011) (Kahn, J.).

"[A] magistrate judge is afforded broad discretion when resolving discovery disputes and a reversal is appropriate only if the district judge finds that discretion is abused." Moore v.

---

[4] The page numbers for this document refer to those generated by ECF.

Publicis Groupe SA, No. 11-CV-1279, 2012 WL 517207, at *1 (S.D.N.Y. Feb. 14, 2012); see also Leviton Mfg. Co. v. Greenberg Traurig LLP, No. 09-CV-08083, 2011 WL 2946380, at *1 (S.D.N.Y. July 14, 2011) ("It is well-settled that a magistrate judge's resolution of a non-dispositive matter should be afforded substantial deference and may be overturned only if found to have been an abuse of discretion." (quoting RMED Int'l Inc. v. Sloan's Supermarkets, Inc., No. 94-CV-5587, 2000 WL 420548, at *2 (S.D.N.Y. Apr. 18, 2000))). "Thus 'a party seeking to overturn a discovery order bears a heavy burden.'" Moore, 2012 WL 517207, at *1 (quoting AP Links, LLC v. Glob. Golf, Inc., No. 08-CV-1730, 2011 WL 888261, at *4 (E.D.N.Y. Mar 14, 2011)).

## III. DISCUSSION

### A. Motion to Strike

Under Rule 12(f) of the Federal Rules of Civil Procedure, a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A motion to strike must be made "within 21 days after being served with the pleading. Fed. R. Civ. P. 12(f)(2). "Courts generally disfavor Rule 12(f) motions and do not routinely grant them." State of N.Y. v. Almy Bros., 971 F. Supp. 69, 72 (N.D.N.Y. 1997) (citing William Z. Salcer, Panfeld, Edelman v. Envicon Equities Corp., 744 F.2d 935, 939 (2d Cir. 1984), vacated on other grounds, 478 U.S. 1015 (1986)); see also Estee Lauder, Inc. v. Fragrance Counter, Inc., 189 F.R.D. 269, 271 (S.D.N.Y. 1999) ("It is well-established in this Circuit that '[a] motion to strike an affirmative defense under Rule 12(f) . . . for legal insufficiency is not favored.'" (first alteration in original) (quoting Salcer, 744 F.2d at 939)).

Cook served his answer on Kiss on October 28, 2016, Dkt. No. 17 ("Certificate of Service"), approximately nine months before Kiss moved to strike the qualified immunity defense on July 25, 2017, Mot. Therefore, Kiss's Motion is untimely, and must be denied. See Feitshans v. Kahn, No. 06-CV-2125, 2007 WL 998400, at *2 (S.D.N.Y. Apr. 2, 2007 ) (denying a motion to strike an affirmative defense where plaintiffs waited approximately seven months to move under Rule 12(f)).

Even if Kiss's Motion were timely, it would still be denied. "[T]o prevail on a motion to strike, the movant must show that he will be prejudiced by inclusion of the defense." Id. at *1 (alteration in original) (quoting Connell v. City of New York, 230 F. Supp. 2d 432, 438 (S.D.N.Y. 2002). "If the defense appears to be valid on the basis of the pleading, then the motion to strike will be denied, even though some defenses that are sufficient as a matter of pleading may not be supported by the facts." Id. (quoting Index Fund, Inc. v. Hagopian, 107 F.R.D. 95, 100 (S.D.N.Y. 1985)). A motion to strike an affirmative defense under Rule 12(f) "will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." Salcer, 744 F.2d at 939.

Kiss has plainly failed to meet this standard. As an initial matter, the Court notes that Kiss's Motion appears to be a resubmitted version of his already rejected Partial Summary Judgment Motion. Compare Mot., with Partial Summary J. Mot. Moreover, the argument section of Kiss's Motion largely consists of a non-attributed quotation from an online summary of a Texas Law Review student note, Ryan E. Melzer, Qualified Immunity and Constitutional-Norm Generation in the Post-Saucier Era: "Clearly Establishing" the Law Through Civilian Oversight of Police, 92 Tex. L. Rev. 1277 (2014). Compare Mot. at 5–6, with Soc. Sci. Research Network,

Abstract, Qualified Immunity and Constitutional-Norm Generation in the Post-Saucier Era: 'Clearly Establishing' the Law Through Civilian Oversight of Police, https://papers.ssrn.com/sol3/papers.cfm?abstract_id=2428916## (last visited Aug. 25, 2017). Though an intriguing discussion of an important area of law, the quoted language does not suggest "a certainty that [Kiss] would succeed despite any state of the facts which could be proved in support of [Cook's] defense." Salcer, 744 F.2d at 939.

Law enforcement officers facing § 1983 complaints are often entitled to qualified immunity, and application of the defense is a fact-intensive determination. See, e.g., Amore v. Novarro, 624 F.3d 522, 531–32 (2d Cir. 2010) ("[I]t has long been clearly established that an arrest without probable cause is a constitutional violation. Nonetheless, the arresting officer is entitled to qualified immunity as a matter of law if the undisputed facts and all permissible inferences favorable to the plaintiff show . . . that it was objectively reasonable for the officer to believe that probable cause existed." (first alteration in original) (quoting Robison v. Via, 821 F.2d 913, 921 (2d Cir. 1987)). Kiss offers no reason to conclude that Cook will be unable to establish facts to support a qualified immunity defense, and so the Motion fails.

If Kiss wishes to challenge Cook's assertion of qualified immunity, he should do so by developing a factual record through discovery to support his argument. See Salcer, 744 F.2d at 939 ("[A] motion to strike for insufficiency was never intended to furnish an opportunity for the determination of disputed and substantial questions of law. This is particularly so when . . . there has been no significant discovery."). The time to rebut a defense is generally after the conclusion of discovery because a court usually cannot assess the merits of a defense on a barren record. While Kiss may be able to overcome Cook's qualified immunity defense through a

dispositive motion or at trial, he has not met the requirements to strike the defense under Rule 12(f). The Motion is therefore denied.

### B. Kiss's Appeal

Kiss also appeals Judge Peebles's Denial of his Interrogatory Request. Appeal. Judge Peebles denied the Interrogatory Request "[b]ased upon the parties' written and oral submissions," Text Order, which argued that the request was "overly broad and unduly burdensome," Dkt. No. 76 ("Cook Opposition") at 1. Cook argued that reviewing every arrest he had ever made to determine the total number of DWI arrests, and the total number of arrests that had outstanding warrants would be "an unduly burdensome" task that "would not produce any admissible evidence for trial," id., and Judge Peebles agreed, Text Order. Kiss argues that Judge Peebles erroneously denied the Interrogatory Request because Kiss "views the number of arrests made by [Cook] to be of the utmost importance with regard to the formation of a practical history of experience, or lack of experience . . . for the Jury to properly evaluate the extremes of the 'prisoner transfer' and 'cruel & unusual punishment' inflicted on [Kiss]." Appeal at 2.

"[A] district court may limit discovery if, among other things, 'it determines that . . . the burden or expense of the proposed discovery outweighs its likely benefit.'" In re Agent Orange Prod. Liab. Litig., 517 F.3d 76, 103 (2d Cir. 2008) (quoting Fed. R. Civ. P. 26(b)(2)(C)). Courts have found discovery requests calling for all arrest records of a certain type to be unduly burdensome. See, e.g., Bridges v. Murray, No. 08-CV-13, 2009 WL 1405519, at *3 (W.D.N.C. May 18, 2009) (quashing subpoena requests that called for, among other things, "all documents relating to any use of force by the Defendant throughout his career as a deputy" and "all documents relating to the arrests of any other persons [the defendant] ever struck with his fist").

Because Judge Peebles's Conference Order is consistent with other courts' decisions and not "contrary to law," Arista Records, 604 F.3d at 116, it is affirmed.

## IV.  CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Kiss's motion to strike (Dkt. No. 67) is **DENIED**; and it is further

**ORDERED**, that Plaintiff's Appeal (Dkt. No. 83) of Magistrate Judge Peebles's July 19, 2017 order is **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   August 29, 2017
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge